UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER STEELMAN,

        Plaintiff,

v.                                          Case No: 6:23-cv-1974-ACC-LHP

ERIS WILLIAMS, et al.,

        Defendants.
_____/

## ORDER

This cause before the Court on initial review of Plaintiff's Complaint for Violation of Civil Rights ("Complaint," Doc. 1) filed by Plaintiff. Plaintiff, who is incarcerated at the Brevard County Jail ("Jail") and proceeding *pro se*, filed the Complaint under 42 U.S.C. § 1983. Plaintiff did not pay the filing fee or file a Motion to Proceed *In Forma Pauperis*.

### I.    FACTUAL BACKGROUND

Plaintiff alleges that Defendant Eris Williams, who was a "representative" at Defendant Indian River Hospital, "falsely diagnos[ed him] with mental illnesses" and "put medication in [his] food while [he] was unaware." (Doc. 1 at 4). The remaining allegations involving Defendant Williams are difficult to decipher, and he provides no specifics as to the circumstances surrounding the

sparse allegations raised. For example, he does not indicate when the incidents occurred, where they occurred, and how specifically Defendant Williams violated his constitutional rights.

Plaintiff provides no allegations against Defendant Indian River Hospital. He also fails to identify any federal constitutional or statutory violations that occurred. Plaintiff has not requested any particular relief or damages.

## II.   LEGAL STANDARD

Plaintiff seeks redress from a governmental entity or employee, and, under 28 U.S.C. § 1915A(a), the Court is obligated to screen a prisoner civil rights complaint as soon as practicable. On review, the Court must dismiss the complaint (or any portion thereof) under these circumstances:

> (b)   Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>    (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>    (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B)(i) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is

2

frivolous or malicious.").[1] Additionally, the Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005).

### III.  ANALYSIS

Plaintiff's allegations are vague and conclusory and fail to put Defendants on notice of what his claims are and the grounds upon which they rest. Further, Plaintiff has failed to specify the federal constitutional or statutory right(s) that were violated by Defendants. Such vague and conclusory allegations, without more, are insufficient to state a cognizable claim under § 1983. *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983).

---

[1] "A claim is frivolous if it is without arguable merit either in law or in fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

3

Further, Defendant Indian River Hospital is not mentioned in the body of the Complaint. Any conceivable liability on the part of this Defendant would be based on the doctrine of *respondeat superior*, which has clearly been rejected as a theory of recovery under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

As to Defendant Williams, at best, Plaintiff has alleged negligence or malpractice on her part. However, "[m]ere incidents of negligence or malpractice do not rise to the level of constitutional violations." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). Therefore, this case will be dismissed for failure to state a claim.

## IV. Conclusion

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.
2. The Clerk of the Court is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on October 23, 2023.

ANNE C. CONWAY
United States District Judge

4

Copies furnished to:

Unrepresented Party